[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2001
THOMAS K. KAHN
CLERK

_____

No. 01-11439

_____

D. C. No. 96-00413-CV-WBH-1

GEORGIA ELECTRIC MEMBERSHIP
CORPORATION,

Plaintiff-Appellant,

TIM FRANKS,
LILLIAN FRANKS,

Plaintiffs,

versus

HI-RANGER, INC., SIMON TELELECT,
BAKER EQUIPMENT COMPANY,
SIMON ACCESS-NORTH AMERICA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 16, 2001)**

Before BLACK, HILL and STAPLETON*, Circuit Judges.

_____

*Honorable Walter K. Stapleton, U.S. Circuit Judge for the Third Circuit, sitting by designation.

PER CURIAM:

Tim Franks was injured on the job in 1994 while operating a truck mounted boom mechanism.[1]  Georgia Electric Membership Corporation (GEMC) paid workers' compensation benefits to Franks for his disabling injuries.

In 1996 Franks and his wife Lillian and GEMC filed this action under O.C.G.A. Section 34-9-11.1[2] against Terex Telelect, Inc. (Terex)[3] alleging that a defective boom mechanism proximately caused Franks' injuries.[4]  Three years later

---

[1] At the time of the accident, Franks was employed by Cobb Electric Membership Corporation (Cobb).  Cobb was an affiliate of Georgia Electric Membership Corporation (GEMC).

[2] O.C.G.A. Section 34-9-11.1 states in pertinent part:

(a) When the injury or death for which compensation is payable under this chapter is caused under the circumstances creating a legal liability against some person other than the employer, the injured employee or those to whom such employee's right of action survives at law may pursue the remedy by proper action in a court . . . against such other persons.

(b) In the event an employee has a right of action against such other person as contemplated in subsection (a) of this Code section and the employer's liability under this chapter has been fully or partially paid, then the employer . . . shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery.  The employer . . . may intervene in any action to protect and enforce such lien.  However, the employer's . . . recovery . . . shall only be recoverable if the injured employee has been fully and completely compensated.

(c) Such action against such other person by the employee must be instituted in all cases withing the applicable statute of limitations.  If such action is not brought by the employee within one year after the date of injury, then the employer or such employer's insurer may but is not required to assert the employee's cause of action in tort, either in its own name or in the name of the employee.

[3] The complaint originally named multiple other defendants that for various reasons not pertinent here, have been dismissed.

[4] In their prayers for relief in the complaint, (1) GEMC sought the amount of workers' compensation benefits paid to Franks; (2) Mr. Franks sought damages in the amount of

2

the Franks executed a settlement agreement and release with Terex for a total of $80,000[5] and filed a notice of dismissal with prejudice.[6]

Thereafter, the district court granted Terex's motion for summary judgment finding that under Georgia law the settlement agreement reached by the Franks with Terex extinguished GEMC's claim. On appeal, GEMC argues that this is an issue of first impression as no Georgia Supreme Court cases specifically address this issue. We agree.

As we conclude that this case involves an unanswered question of Georgia law with no controlling precedent, we certify the following question to the Georgia Supreme Court for instructions:

> UNDER GEORGIA WORKERS' COMPENSATION LAW, WHERE
> COMPENSATION HAS BEEN PAID BY EMPLOYER/INSURER
> TO AN INJURED EMPLOYEE/CLAIMANT AND, AFTER ONE
> YEAR, THE EMPLOYER/INSURER AND THE
> EMPLOYEE/CLAIMANT BRING AN ACTION AS CO-
> PLAINTIFFS AGAINST THE ALLEGED TORTFEASOR, IN
> WHICH THE EMPLOYEE/CLAIMANT SEEKS RECOVERY FOR
> DAMAGES OTHER THAN THOSE COVERED BY WORKERS'
> COMPENSATION AND THE EMPLOYER/INSURER SEEKS
> RECOVERY FOR BENEFITS PAID BY IT TO THE
> EMPLOYEE/CLAIMANT, DOES A SETTLEMENT AGREEMENT

---

$500,000, not covered by workers' compensation; and (3) Mrs. Franks sought damages in the amount of $100,000 for loss of consortium.

[5] Paragraphs five and six of the settlement agreement and release both contain the sentence: "This provision does not apply to pending claims by Georgia Electric Membership Corporation."

[6] The notice of dismissal with prejudice contains the sentence: "This does not dismiss claims filed by Georgia Electric Membership Corporation."

EXECUTED BETWEEN THE EMPLOYEE/CLAIMANT AND THE ALLEGED TORTFEASOR, AS EVIDENCED BY A RELEASE OF THE EMPLOYEE/CLAIMANT'S CLAIMS, BUT SPECIFICALLY RECITED TO BE NOT A RELEASE OF THE EMPLOYER/INSURER'S "PENDING CLAIMS," EXTINGUISH THE CLAIMS OF THE EMPLOYER/INSURER?

In certifying this question, we do not intend the particular phrasing of it to limit the court in its consideration of the problem posed by the case. In order to assist the court's consideration of this case, the entire record, along with the briefs of the parties, shall be transmitted to the court.

QUESTION CERTIFIED.